UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80351-CIV-MARRA

INNA DUBOVIK-SILEO PhD,

     Plaintiff,

vs.

ERIC HOLDER, JR., ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE (FEDERAL
BUREAU OF INVESTIGATION),

     Defendant.

_____/

## **ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's

Complaint or, Alternatively, Motion for a More Definite Statement [DE 11]; Defendant's Motion

to Strike "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" [DE

16]; Plaintiff's Request to the Court to Authorize and Accept the Plaintiff's Filing "Plaintiff's

Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" filed July 12, 2012 in

Response to the Defendant's Reply to the Plaintiff's Responsive Statement of Facts [DE 18];

Plaintiff's Motion for Continuance [DE 20]; and Plaintiff's Motion for Leave to Amend

Complaint [DE 23].  The Court has reviewed all of the papers submitted by the parties in

connection with these motions, the entire file in the case, and is otherwise duly advised in the

premises.

     Initially, and to clarify that the Court has reviewed all of the papers submitted by the

parties in connection with all of these pending motions, the Court **DENIES** Defendant's Motion

to Strike "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" **[DE 16]** and **GRANTS** Plaintiff's Request to the Court to Authorize and Accept the Plaintiff's Filing "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" filed July 12, 2012 in Response to the Defendant's Reply to the Plaintiff's Responsive Statement of Facts **[DE 18]**.  Defendant's motion is based upon technicalities of pleading without any demonstration of prejudice.  Plaintiff's submission is essentially a "sur-reply" which Defendant concedes contains the same arguments as Plaintiff's response to Defendant's motion to dismiss.  The Court similarly rejects Defendant's request[1] that Plaintiff's response be stricken because it was unsigned.  It appears that counsel for Defendant has forgotten that Plaintiff was proceeding *pro se* at the time these filings were made.

The Court **DENIES AS MOOT** Plaintiff's Motion for Continuance **[DE 20]**.  Plaintiff requested a continuance of the case while she sought representation by counsel. There were no immediate scheduling deadlines pending at the time Plaintiff made this request, and Plaintiff has now obtained representation. [DE 21].

The remaining discussion focuses on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend Complaint.

## LEGAL STANDARDS

### Motion to Dismiss for Failure to State a Claim

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires

---

[1] *See* Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint [DE 14]

"a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant has also moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1). As the Eleventh Circuit explained in *Lawrence v. Dunbar,* 919 F.2d 1525 (11th Cir. 1990),

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)

come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." . . . "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

*Id.* at 1528-29 (Citations Omitted).

## Leave to Amend A Complaint

When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270–71 (11th Cir. 2006).

A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" . . . Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." . . . A district court need not, however, allow an amendment . . . where amendment would be futile. . . .

*Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001)(Citations Omitted).

## DEFENDANT'S MOTION TO DISMISS

Defendant moved to dismiss Plaintiff's complaint, drafted when she was appearing *pro se*, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim [DE 11]. Although both parties have submitted considerable documents for the Court's review, and, as noted *supra*, the Court could take these documents

4

into account as part of its subject matter jurisdiction inquiry, the Court declines to do so. Having reviewed Plaintiff's Complaint [DE 1], and accepting all of Plaintiff's factual allegations as true, the Court finds that on its face, it fails to state a claim under Fed. R. Civ. P. 12(b)(6).

The crux of Plaintiff's claim is that she was retaliated against by the FBI, where she worked as a contract Foreign Language Specialist[2], for having reported a security violation and time and attendance violations on the part of others with whom she worked [DE 1]. Although Plaintiff alleges "discrimination based upon reprisal for participation in protected EEO activity, Title VII", [DE 1, 3], absent from Plaintiff's Complaint are any facts or allegations that the alleged retaliation against Plaintiff resulted from her opposition to an unlawful employment practice set forth in Title VII, as required by 42 U.S.C. § 2000e-3(a). As such, she has failed to state a viable federal claim, and the Complaint must be dismissed. *See, e.g., Corfu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995)("[u]nfair treatment, absent discrimination based on race, sex, or national origin is not an unlawful employment practice under Title VII," therefore, grievance did not constitute statutorily protected activity).

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff is now represented by counsel, who has filed a Motion for Leave to Amend Complaint [DE 23]. With one exception, the allegations set forth in Plaintiff's proposed Amended Complaint are virtually identical to those in her original Complaint and suffer from the same infirmities.

---

[2]Given the Court's evaluation of the Complaint, it is not necessary at this time to address Plaintiff's contention that, in fact, her relationship with the FBI was one of employer and employee. It is assumed for the purposes of the Court's analysis that Plaintiff was an FBI employee.

However, Plaintiff's proposed Amended Complaint contains one claim that is different from the claims set forth in Plaintiff's original Complaint. Plaintiff's proposed pleading indicates that she will claim that she was not selected for a position in the Chicago field office due to discrimination based upon race and national origin [DE 23-1, ¶¶51-62]. Defendant's sole response to this portion of Plaintiff's Motion to Amend is to assert that the amendment would be futile as venue is improper in this District [DE 24].

Inasmuch as Plaintiff has had no opportunity to amend her complaint, and now has the benefit of the Court's rulings herein, the Court grants Plaintiff's Motion to Amend. If an Amended Complaint is filed, Defendant can, at that time, bring any motions that may be appropriate, including those directed to venue.

Even though the Court found it unnecessary to rely upon the extensive background information supplied by both parties in connection with the pending motions, the Court reviewed all of the submissions. Based upon this review, the Court notes that until Plaintiff filed her second EEOC complaint, there was never any mention that she believed she was being discriminated against due to her race or national origin.  In fact, Plaintiff still asserts she was not considered for the position in Chicago in retaliation for the prior EEO complaint that related to her report of a security violation and time and attendance violations [DE 23-1 at p. 10, ¶62].  In deciding how to proceed, the Court reminds Plaintiff's counsel of her obligations under Fed. R.

Civ. P. 11(b)(3).[3]

     Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1.     Defendant's Motion to Strike "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" **[DE 16]** is **DENIED**.

2.     Plaintiff's Request to the Court to Authorize and Accept the Plaintiff's Filing "Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint" filed July 12, 2012 in Response to the Defendant's Reply to the Plaintiff's Responsive Statement of Facts **[DE 18]** is **GRANTED**.

3.     Plaintiff's Motion for Continuance **[DE 20]** is **DENIED AS MOOT**.

4.     Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for More Definite Statement **[DE 11]** is **GRANTED, WITHOUT PREJUDICE, AND WITH LEAVE GRANTED TO PLAINTIFF TO AMEND HER COMPLAINT.**

---

[3] "By presenting to the Court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  .   .   .  (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."

5.      Plaintiff's Motion for Leave to Amend Complaint **[DE 23]** is **GRANTED**

**CONSISTENT WITH THIS OPINION AND ORDER**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of February, 2013.

KENNETH A. MARRA
United States District Judge