UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80351-CIV-MARRA

INNA DUBOVIK-SILEO, PhD,

    Plaintiff,

vs.

ERIC HOLDER, JR., ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE (FEDERAL
BUREAU OF INVESTIGATION),

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and/or Transfer Plaintiff's Newly Stated Claim to Another District for Lack of Venue [DE 31]. The Court has reviewed all of the papers submitted by the parties in connection with this motion, the entire file in the case, and is otherwise duly advised in the premises. Familiarity with the Court's prior decision is assumed [DE 28].

**I. LEGAL STANDARDS**

**Motion to Dismiss for Failure to State a Claim**

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

1

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Motion to Dismiss for Improper Venue

Under 28 U.S.C. § 1406, the district court shall dismiss an action filed in an improper venue "or, if it be in the interest of justice, transfer such case to any district in which it could have been brought." In considering a motion to dismiss for improper venue, "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Wai v. Rainbow Holdings*, 315 F. Supp.2d 1261, 1268 (S.D. Fla. 2004); *see Walker v. Hallmark Bank & Trust, Ltd.*, 707 F. Supp.2d 1322, 1325 (S.D. Fla. 2010)(the court may consider "matters outside the pleadings, if presented in proper form by

the parties."). The court must draw all reasonable references and resolve all factual conflicts in favor of the plaintiff. *Wai*, 315 F. Supp. 2d at 1268. Upon a motion to dismiss based on improper venue, "[p]laintiff has the burden of showing that venue in the forum is proper." *Pinson v. Runsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006).

## II. Discussion

Defendant moves to dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; 12(b)(6) for failure to state a claim; and 12(b)(3) for improper venue. [DE 31]. This is the second time that this case is before the Court upon a motion to dismiss. After the last motion was granted, the Court gave Plaintiff an opportunity to amend her complaint "consistent with this opinion and order." [DE 28 at 8]. Having reviewed the First Amended Complaint and Plaintiff's papers in opposition to Defendant's motion, the Court concludes that Plaintiff has failed to comply with that directive. The Court stated:

> Although Plaintiff alleges "discrimination based upon reprisal for participation in protected EEO activity, Title VII", [DE 1, 3], absent from Plaintiff's Complaint are any facts or allegations that the alleged retaliation against Plaintiff resulted from her opposition to an unlawful employment practice set forth in Title VII, as required by 42 U.S.C. § 2000e-3(a). As such, she has failed to state a viable federal claim, and the Complaint must be dismissed. *See, e.g., Corfu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995)("[u]nfair treatment, absent discrimination based on race, sex, or national origin is not an unlawful employment practice under Title VII," therefore, grievance did not constitute statutorily protected activity).

[DE 28 at 5].

Plaintiff appears to believe that the deficiency in her complaint was a failure to link the FBI's decision not to hire her for the Chicago position to her involvement in reporting security

3

violations and time and attendance violations in Florida on the part of her co-workers. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 33 at 1]. That is not, however, the deficiency that caused the Court to dismiss her Complaint. The deficiency is that all of the allegations contained within the original Complaint, as well as the First Amended Complaint, relating to her involvement in reporting security violations and time and attendance violations in Florida, were not unlawful employment practices under Title VII. Any alleged retaliation relative thereto fails to meet the requirements set forth in 42 U.S.C. § 2000e-3(a), which establishes that the retaliation must relate to the opposition to "any practice made an unlawful employment practice by this subchapter".

Plaintiff's First Amended Complaint fails to recognize that not all actions an employee may consider adverse will suffice to state a claim under Title VII. The adverse employment action must relate to an unlawful employment practice under Title VII. "Unfair treatment, absent discrimination based on **race, sex, or national origin** is not an unlawful employment practice under Title VII." *Corfu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995)(Emphasis added). Similarly, a retaliation claim must involve retaliation for having opposed a prohibited practice relating to issues of race, sex or national origin.

The only allegation in the original proposed amended complaint that had the potential to state a claim was Plaintiff's allegation that she was not selected for a position in the Chicago field office due to discrimination based upon race and national origin [DE 23-1, ¶¶51-62]. For this reason, the Court allowed the amendment. Plaintiff's First Amended Complaint again asserts Plaintiff's contention "that the FBI's decision not to place her on the position's eligibility list causing her not to be selected constitutes racial discrimination. Both of the other applicants

4

selected were white and of different national origins as compared to Ms. Dubovik-Sileo, who is Ukrainian." [DE 30 at ¶64].[1]  Plaintiff also contends "that since the adverse action of not being considered for the position comes less than three months after the initiation of Dubovik-Sileo's EEO complaint, the action is also retaliatory." [DE 30 at ¶65].  Accepting as true for purposes of this motion the portion of Plaintiff's First Amended Complaint set forth in ¶¶ 54-65, it is the only part that states a claim.[2]

At this stage of the proceeding, the Court cannot consider the likelihood of Plaintiff succeeding on her remaining narrow claim. Nor can the Court consider the background facts introduced in Defendant's motion papers for this inquiry.  To do so would convert the motion to dismiss for failure to state a claim into a motion for summary judgment, Fed. R. Civ. P. Rule 12(d), which the Court determines to be premature at this stage.[3]

---

[1]Defendant argues that Plaintiff has waived her discrimination claim. [DE 34 at 4]. Plaintiff asserts in her Opposition to Defendant's Motion to Dismiss: "Defendant's Motion outlines the elements of both claims for discrimination and retaliation under Title VII.  However, Plaintiff has brought only a claim for retaliation.  As such, Defendant's irrelevant arguments about discrimination will not be addressed." [DE 33 at 9].  Whether Plaintiff's claim is for discrimination, or solely for retaliation relative to a complaint of discrimination based upon race or national origin, has no impact upon the Court's ultimate decision herein; so, the Court will not address the inconsistency between the allegation of discrimination in the First Amended Complaint; the more limited claim of retaliation contained therein; and Plaintiff's comment in her opposition papers.

[2]In light of this conclusion, the Court need not address Defendant's arguments seeking a dismissal for lack of subject matter jurisdiction, as the Court clearly has subject matter jurisdiction over this aspect of Plaintiff's claim.

[3]Defendant argues that because Plaintiff appended the two EEOC Decisions to her First Amended Complaint, the facts as stated therein can be used to undermine the conclusory allegations in her pleading. [DE 31 at 13 *et. seq.*]. The cases cited by Defendant are inapposite. In order to bring the instant action, Plaintiff had to first exhaust her administrative remedies. Plaintiff appended the decisions stating that she filed the complaints and is now challenging the

Having narrowed the First Amended Complaint to the claim set forth in ¶¶54-65, the Court turns to Defendant's contention that venue is improper in this District. Title VII contains its own venue provisions. 42 U.S.C. § 2000e-5(f)(3). "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." *Pinson v. Rumsfeld*, 192 Fed. Appx 811, 817 (11th Cir. 2006). Title 42 U.S.C. § 2000e-5(f)(3) states, in relevant part:

> Each United States district court . . . shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

Defendant contends that venue of this action in the Southern District of Florida is not proper under any of these criteria. Defendant has produced an affidavit containing facts relevant to the venue inquiry from Beverley G. Reger, the FBI Human Resources Specialist who created the list of candidates to be considered for the job in Chicago. [DE 31-2]. As noted above, it is appropriate for the Court to consider these facts relative to the venue issue.

Ms. Reger explained that Plaintiff, along with all other applicants, used an online automated hiring management system to apply for the position. *Id*. at 1-2. Because Plaintiff was

---

determinations by filing this lawsuit. [DE 30 at 17]. The Court rejects Defendant's argument that Plaintiff should be bound by the findings in these administrative decisions, and thus barred from challenging them, simply because she appended them to her First Amended Complaint.

not an FBI employee, she applied as an external candidate[4].

> During the initial scoring process, the System recognized each applicant's responses to job-related questions and calculated a score. On the external posting, applicants who claimed veterans' preference were identified by the System and the appropriate extra points were added to their scores, based on entitlement rules and regulations. There was no human intervention or interaction in the scoring process.

*Id*. at 2, ¶5.

Ms. Reger states that approximately ten veterans' preference applicants and thirty-two applicants who were not entitled to veterans' preferences all scored higher than Plaintiff, who did not claim a veterans' preference. *Id*. at ¶¶4,6. Because there were so many applicants whose scores were higher than Plaintiff's, her application was not reviewed for further consideration. *Id*. at ¶8. Ms. Reger states: "I was not aware of Ms. Dubovik-Sileo's race, national origin, age or prior protected EEO activity because I never reviewed her application for the position." *Id*.

Ms. Reger states that the "decision to not refer Ms. Dubovik-Sileo for further consideration for the Chicago SFLP was made solely by me, with no input from anyone in the Chicago or Miami Field Offices." *Id*. at 3, ¶11. Ms. Reger's office is in Clarksburg, West Virginia. *Id*. at 1, ¶2. The folder for the position to which Plaintiff applied is currently in her office. *Id*. at 3, ¶12.

Plaintiff has not submitted anything to refute the facts contained in Ms. Reger's affidavit. Plaintiff responds to Defendant's motion by alleging that "substantial evidence, witnesses and documents . . . are located in the Southern District as it relates to the totality of the Plaintiff's

---

[4]Although Plaintiff claims in her First Amended Complaint that during her tenure with the FBI, she should have been treated not as an independent contractor, but as an employee, [DE 30 at ¶5], she did not apply for the position in Chicago as a current employee.

retaliation claim." [DE 33 at 5]. Plaintiff states that "there are several unlawful employment practices alleged, most of them are alleged to have occurred in Miami and West Palm Beach Florida." *Id.* Plaintiff then outlines these "unlawful employment practices". *Id*. at 6. All but one of the practices listed, however, relate to the portions of Plaintiff's claim that the Court has found fail to state a claim. The only portion of Plaintiff's claim that the Court is permitting to proceed relates to her application for the position in Chicago. That is the only claim as to which venue has to be determined.

Plaintiff has failed to sustain her burden to establish that venue in this district is appropriate as to the only viable portion of her claim. Plaintiff argues that her performance in the Miami and West Palm Beach offices will be an important factor in considering whether she should have been chosen for the position that she applied for in Chicago. [DE 33 at 6]. This is not, however, a consideration under 42 U.S.C. § 2000e-5(f)(3). It is "the judicial district in which the employment records relevant to such practice are maintained and administered" that is a permissible venue, not the jurisdiction in which evidence that Plaintiff may seek to introduce at trial is located. Plaintiff has neither alleged nor produced any evidence suggesting that the practice of denying her the job position in Chicago took place in the Southern District of Florida.

For purposes of 42 U.S.C. §2000e-5(f)(3), if there was an unlawful employment practice, it took place in the Northern District of West Virginia; the employment records relevant to such practice are maintained and administered in the Northern District of West Virginia; and the Northern District of Illinois is the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practice. There is no basis for Plaintiff's assertion of venue in the Southern District of Florida.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and/or Transfer Plaintiff's Newly Stated Claim to Another District for Lack of Venue **[DE 31]** is **GRANTED**. The First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**. The **CLERK** of this Court shall **CLOSE** this case

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge